The Honorable Garry L. Smith State Representative
600 Ouachita 31 Camden, Arkansas 71701-9561 Dear Representative Smith:
You have asked my opinion on the following two questions, which I have paraphrased:
 1. Pursuant to A.C.A. § 20-22-804, may the Chancellor of SAU-Tech meet with the Arkansas Fire Protection Services Board ("the Board") to discuss matters that affect whether to retain the Director of the Arkansas Fire Training Academy?
 2. In light of Opinion No. 2000-251, would the Board be required to convene in executive session with the Chancellor to discuss the matters contemplated by Question 1?
RESPONSE
The answer to your first question is clearly "yes." By statute, the Board is obliged to "advise the Chancellor of SAU-Tech in matters regarding the appointment and retention of the Director of the [Arkansas Fire Training] academy."[1]
Your second question is a little confusing because no entities are "required" to hold executive sessions. Even those entities subject to the FOIA's open-meetings *Page 2 
provisions have discretion about whether to hold an executive session on personnel matters.[2]
Accordingly, I assume you are asking whether the Board itself, when it meets with the Chancellor, is subject to the FOIA's open-meetings provisions. When your question is read this way, the answer is contained in Opinion No. 2000-151. As that opinion explained, only "governing bodies," which are entities with decision-making authority, are subject to the open-meetings provisions of the Arkansas Freedom of Information Act (FOIA). As further explained in that opinion, there are two kinds of governing bodies. A de jure governing body is, as the Latin term suggests, a governing body that is established as such by law or as a matter of statute. Opinion No. 2000-151 opined that the Board is probably not a de jure governing body because, rather than make decisions, the Board merely "advise[s]" the Chancellor.
The other kind of governing body — a de facto governing body — is one that as a matter of fact exercises decision-making authority. Examples include bodies that were originally designed to be merely advisory, but whose advice is always automatically accepted. Whether any entity is a de facto governing body is always a question of fact. As my predecessor noted in the above Opinion, I cannot make the necessary factual findings.
With these distinctions in mind, I can concisely address your question. Either the Board is a governing body or it is not. If it is not, then the FOIA's open-meetings provisions, including those for executive sessions, do not apply to it. Accordingly, under that scenario, the Board would not have to follow the rules prescribed in the FOIA's open-meetings provisions.[3] If the board is a de facto governing body, then *Page 3 
it must follow the open-meetings provisions, which permit but do notrequire personnel matters to be discussed in executive session. Because, as noted in Opinion 2000-151, this office cannot say whether the Board is a de facto governing body, I cannot definitively answer the question whether the Board is subject to the FOIA's open-meetings provisions.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely, DUSTIN MCDANIEL Attorney General
DM/RWO:cyh
[1] A.C.A. § 20-22-804(a)(8) (Repl. 2005).
[2] A.C.A. § 25-19-106(c)(1) ("Executive sessions [for personnel matters] will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.") (emphasis added);see Ark. St. Police Commn. v. Davidson,253 Ark. 1090, 1094, 490 S.W.2d 788, 791 (1973) (Fogleman, J., concurring) ("[E]xecutive sessions are only permitted by the statute — not required."); Op. Att'y Gen. Nos. 99-157, 96-009; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (Arkansas Law Press, 5th ed., 2009), pp. 311-12.
[3] But, as noted in Opinion No. 2000-151, it would still have to follow the open-records provisions.

 *Page 1